# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY DEVONTENNO,

    Plaintiff,

v.             No. 15cv656 RB/SCY

NEW MEXICO CHILD SUPPORT ENFORCEMENT and
EQUIFAX INC.,

    Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CLAIM

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 28, 2015 ("First Application"), his second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed September 10, 2015 ("Second Application"), and on his Civil Complaint, Doc. 1, filed July 28, 2015. For the reasons stated below, the Court will **GRANT** Plaintiff's Second Application, **DENY** his First Application as moot, **DISMISS** the claims against Defendant New Mexico Child Support Enforcement **without prejudice**, and **ORDER** the Clerk to issue summons with a copy of the Complaint for Defendant Equifax in care of Defendant Equifax's agent for service.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff did not sign the affidavit in support of his First Application to proceed *in forma pauperis*. *See* Doc. 3. The Court notified Plaintiff that the unsigned First Application did not comply with Rule 11(a) of the Federal Rules of Civil Procedure which states that every paper must be signed by a party personally if the party is unrepresented and that the Court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. *See* Order to Cure Deficiency, Doc. 5. Plaintiff timely filed his signed Second Application. *See* Doc. 6. Because it is granting Plaintiff's Second Application, the Court will deny Plaintiff's First Application as moot.

The Court will grant Second Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit in support of his application in which he

2

declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in his Application is true.   Plaintiff states that: (i) his monthly income is $1,800.00; (ii) his monthly expenses are $1,714.00; (iii) he has a daughter under age 18 that relies on him for support; (iv) he has $100.00 in a checking account; and (v) his only asset is a vehicle valued at $5,000.00.   The Court finds that Plaintiff is unable to pay the filing fee because his monthly expenses are approximately equal to his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."   *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.   *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.   *Triplett v. Triplett*, 166

Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that he was denied credit because of an indication of bankruptcy on his credit report delivered by Defendant Equifax Inc.   *See* Complaint at 1-2.   Plaintiff also alleges that the bank, not a party to this case, reported that an account with Defendant New Mexico Child Support Enforcement shows a comment consistent with bankruptcy.   Plaintiff asserts that he has not filed for bankruptcy, contends that Defendants refused to report the information regarding his non-bankruptcy accurately, and seeks damages, costs, and removal of the comment suggesting that he has filed for bankruptcy.

The Court will dismiss the claims against Defendant New Mexico Child Support Enforcement without prejudice.   Defendant New Mexico Child Support Enforcement appears to be an arm of the State of New Mexico and, therefore, appears to be immune from suit in this Court. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."   *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued."   *Id.* at 1181.   Plaintiff has not shown that either exception applies in this case.   *See* Fed. R. Civ. P. 8(a) (to state a claim for relief, a complaint must contain a short and plain statement of the court's jurisdiction and that the plaintiff is entitled to relief).   Plaintiff may file an amended complaint pursuant to Fed. R. Civ. P. 15.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).   Because Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court will order the Clerk of the Court to issue summons, with copies of the Complaint and this Order, to Defendant Equifax's agent for service.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6, filed September 10, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's First Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed July 28, 2015, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant New Mexico Child Support Enforcement are **DISMISSED without prejudice.**   Plaintiff may file an amended complaint pursuant to Fed. R. Civ. P. 15.

**IT IS FINALLY ORDERED** that the Clerk issue summons, with copies of the Complaint and this Order, for Defendant Equifax Information Services,[1] c/o Corporation Service Company,

---

[1] In the caption and the allegations of the Complaint, Plaintiff refers to this defendant as "Equifax Inc."   In the list of defendants under the signature line of the Complaint, Plaintiff refers to this defendant as "Equifax Information Services" and provides an address. *See* Doc. 1 at 4.   The website for the State of New Mexico's Office of the Secretary of State, which provides agent

Agent, 123 East Marcy Street, Suite 101, Santa Fe, NM   87501.


_____

**UNITED STATES DISTRICT JUDGE**

---

information for corporations, shows different agents for "Equifax Inc." and "Equifax Information Service LLC."   *See* https://portal.sos.state.nm.us/Corps/.   Because Plaintiff provided an address for "Equifax Information Services," the Court construes Equifax Information Services as being the correct name of the corporate defendant.